FILED

NOV 3 0 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### In the United States District Court
### for the Northern District of Illinois
### Eastern Division

| | |
|---|---|
| Neal M. Greenwald, | **No. 03 C 8641** |
| plaintiff, | |
| –v– | |
| InteCap, Inc., a Delaware corporation, and The Prudential Insurance Company of America, a New Jersey corporation, | Judge Manning<br>Magistrate Judge Nolan |
| defendants. | |

DOCKETED

DEC - 1 2004

---

## Plaintiff's Corrected Motion to Deem Requests for Admissions Admitted and to Compel Defendants to Itemize Subjects of Knowledge in Initial Disclosures, to Respond to Requests to Produce, and to Answer Interrogatories

Pursuant to the Order of November 30, 2004, Plaintiff Neal Greenwald ("Mr. Greenwald") files this Corrected Motion.

Mr. Greenwald moves as follows to deem Requests for Admissions admitted and to compel defendants to itemize subjects of knowledge in Initial Disclosures, to respond to Requests to Produce, and to answer Interrogatories:

1.      This case concerns Mr. Greenwald's claim for long-term-disability insurance benefits under ERISA.

2.      Before bringing this Motion, Mr. Greenwald's attorney consulted in person and by correspondence with the attorney for defendant about the discovery disputes at issue in this Motion and made good faith attempts to resolve those discovery disputes with defendant's attorney, but was unable to reach an accord. See, Statement of David L. Lee, attached to this Motion as Exhibit 1.

24

**Specifying Areas of Knowledge of Persons Listed in Initial Disclosures**

3.        The Federal Rules of Civil Procedure require Initial Disclosures to identify the

subjects of information known by potential witnesses, as follows:

> "[A] party must, without awaiting a discovery request, provide to other parties:
>
> (A)    the name ... of each individual likely to have discoverable
>        information ... identifying the subjects of the information."

Federal Rule of Civil Procedure 26(a)(1)(A) (emphasis added).

4.        In defendant's Initial Disclosures, a list of seventeen potential witnesses is

proceeded by the following blanket statement as to the "subject[s] of the information":

> "the following individuals and/or entitles have knowledge of Plaintiff's medical
> treatment, the claims, investigation, claim review process and/or the basis for the
> claim denial:"

See, Defendants' Initial Disclosures, attached to this Motion as Exhibit 2, at ¶A.

5.        Defendant's Initial Disclosures also presented two "catch-all" lists of potential

witnesses:

> "Plaintiff and individuals identified in the medical records submitted by Plaintiff"

and

> "any other individual identified in the claim file documents produced by
> Defendants may have knowledge of the facts and circumstances surrounding the
> denial of benefits at issue in this matter."

See, Defendants' Initial Disclosures, attached to this Motion as Exhibit 2, at ¶A.

6.        Mr. Greenwald's attorney has tried many times to obtain a list of the "subjects of

the information" itemized by the potential witnesses in defendants' Initial Disclosures,

but has been unable to do so.  See, Statement of David L. Lee, attached to this Motion as

Exhibit 1, at ¶3 and at letters attached to that Statement as Exhibits A, B, and C.

7.      To fulfill the command of Federal Rule of Civil Procedure 26(a)(1)(A),

defendants should be required to provide a list of the "subjects of the information"

itemized by the potential witnesses in defendants' Initial Disclosures, without any "catch-

alls" as to other potential witnesses.

## Deeming Requests for Admissions to be Admitted

8.      Mr. Greenwald served Requests for Admissions on defendants [see, Responses to

Requests for Admissions, attached to this Motion as Exhibit 3[1]], and Federal Rule of

Civil Procedure 36(a) imposes the following, special "good-faith" requirement on

Responses to Requests for Admissions (emphasis added):

> "A denial [of a Request for Admission] shall fairly meet the substance of the
> requested admission, and when good faith requires that a party qualify an answer
> or deny only a part of the matter of which an admission is requested, the party
> shall specify so much of it as is true and qualify or deny the remainder."

9.      Defendants' response to the request for admission of the genuineness of

documents was as follows:

> "Defendants admit that each document contained in the claims file
> produced to Plaintiff with Defendants' Rule 26(a) Disclosures, is a true copy of
> the original. Defendants deny that the documents attached as exhibits to
> Plaintiff's Request for Admissions are true copies if they are not contained in the
> claims file produced to Plaintiff with Defendants' Rule 26(a) Disclosures."

See, Responses to Requests for Admissions, attached to this Motion as Exhibit 3, at ¶2.

10.     Mr. Greenwald requested admission (in three Requests for Admissions) of the list

of documents that defendants provided him in response to his requests for ERISA plan

---

[1]      The actual documents as to which an admission of genuineness was requested are not
attached to this Motion due to their bulk, but those documents are described in ¶¶1 & 2 of the
Responses to Requests for Admissions, attached to this Motion as Exhibit 3.

documents and Summary Plan Descriptions. Each of these three Requests for Admission

were answered identically and evasively, as follows:

> Request to Admit 3: "The Summary Plan Description for Long-Term
> Disability Coverage from Technology & Dispute
> Resolution Consulting Group, Inc. (attached to the
> Complaint as Exhibit A) was produced by defendant(s) in
> response to plaintiff's request for all Long-Term Disability
> Plans and all Long-Term Disability Summary Plan
> Descriptions."

> Request to Admit 4: "The Summary Plan Description for Long-Term
> Disability Coverage from InteCap, Inc. (attached to the
> Complaint as Exhibit B) was produced by defendant(s) in
> response to plaintiff's request for all Long-Term Disability
> Plans and all Long-Term Disability Summary Plan
> Descriptions."

> Request to Admit 5: "In response to plaintiff's request for all Long-Term
> Disability Plans and all Long-Term Disability Summary
> Plan Descriptions, the only documents defendant(s)
> produced were the Summary Plan Description for Long-
> Term Disability Coverage from Technology & Dispute
> Resolution Consulting Group, Inc. (attached to the
> Complaint as Exhibit A) and the Summary Plan
> Description for Long-Term Disability Coverage from
> InteCap, Inc. (attached to the Complaint as Exhibit B)."

> Responses: "Defendants admit to this request to the extent it is
> consistent with the terms of the 5/1/01 letter from David
> Lee to Prudential, the 5/1/01 letter from David Lee to
> InteCap, Inc., and the 5/10/01 and 7/9/01 letters from
> Prudential to David Lee."

See, Responses to Requests for Admissions, attached to this Motion as Exhibit 3, at ¶¶3,

4, and 5.

11.    Mr. Greenwald requested admission (in four Requests for Admission) that each of

the four letters denying his LTD claim that he received from defendant Insurance

Company contained defendant Insurance Company's entire explanation for the various

4

denials. Each of these four Requests for Admissions was answered virtually identically

and evasively, as follows:

Request to Admit 12:     "Before plaintiff's initial appeal, defendant
Insurance Company's entire explanation to plaintiff of the
reasons it denied his claim for long-term disability benefits
is contained in the letter dated 12/22/00 from defendant
Insurance Company to plaintiff (attached hereto as Exhibit
5)."

Request to Admit 17:     "Defendant Insurance Company's entire
explanation to plaintiff of the reasons it denied his initial
appeal is contained in the letter dated 3/13/01 from
defendant Insurance Company to plaintiff (attached hereto
as Exhibit 8)."

Request to Admit 69:     "Defendant Insurance Company's entire
explanation to plaintiff of the reasons it denied his second
request for reconsideration is contained in the letter dated
8/27/02 from defendant Insurance Company to plaintiff's
attorney (attached hereto as Exhibit 68)."

Request to Admit 88:     "Defendant Insurance Company's entire
explanation to plaintiff of the reasons it denied his final
appeal is contained in the letters dated 3/3/03 from
defendant Insurance Company to plaintiff's attorney
(attached hereto as Exhibit 88), the letter dated 3/24/03
from defendant Insurance Company to plaintiff's attorney
(attached hereto as Exhibit 91), and the letter dated 2/17/03
from Rodde D. Cox, M.D., to defendant Insurance
Company with attached fax cover sheet (attached hereto as
Exhibit 92)."

Responses:     "Defendants object to this request on the grounds
that the phrase, "entire explanation to Plaintiff" is vague
and ambiguous. Subject to that objection and without
waiving it, this request is denied. Prudential's denial was
based on all information contained within the claims file at
the time of denial, which was produced to Plaintiff with
Defendants' Rule 26(a) Disclosures." [The Response to
Request 12 goes on to state: "In addition, see telephone log
contained in the claims file, produced to Plaintiff with
Defendants' Rule 26(a) Disclosures, which documents

5

telephone discussions between Plaintiff and Prudential employees regarding initial denial of benefits."]

See, Responses to Requests for Admissions, attached to this Motion as Exhibit 3, at ¶¶12, 17, 69, and 88.

12.     Mr. Greenwald is entitled to a straight-forward admission or denial whether or not the documents list in Request for Admission 2 are genuine, whether or not the documents listed in Requests for Admission 3, 4, and 5 were the documents sent in response to his request for ERISA information, and whether or not the documents referenced in Requests for Admissions 12, 17, 69, and 88 were defendant Insurance Company's "entire explanation to Plaintiff" about its various denials of his claim for long-term disability-benefits. Defendants' "vague and ambiguous" objections to Requests for Admissions 12, 17, 69, and 88 are not well taken, because the phrase "entire explanation to Plaintiff" has a clear and obvious meaning in the context of the Requests. Therefore, defendants' objections to Requests for Admissions 12, 17, 69, and 88 should be overruled, and Requests for Admissions 2, 3, 4, 5 12, 17, 69, and 88 should be deemed admitted.

## Compelling Responses to Requests to Produce

13.     Defendants refused to produce basic documents, as follows:

Organization charts:

Request to Produce 10:         "All organization charts or similar documents for the year 2000 showing the plaintiff or his position in your organizational structure. (Request directed at defendant Employer only.)"

Objection:         "Defendant objects to this request on the grounds that the terms 'organization charts' and 'organizational structure' are vague and ambiguous.

6

Plaintiff [sic] objects further on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence at trial."

## Mr. Greenwald's performance reviews and personnel file:

Request to Produce 12: "All employee performance reviews, or job evaluations forms (no matter what called) and all documents memorializing or referring to any oral job evaluation or performance review for plaintiff. (Request directed at defendant Employer only.)"

Request to Produce 13: "All personnel or similar files (no matter what called) kept on plaintiff. (Request directed at defendant Employer only.)"

Objections: "Defendant objects to [Request 12, Request 13] on the grounds that it is overly broad, unlimited in time and scope, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial."

## Want-ads, etc., for Mr. Greenwald's successors:

Request to Produce 14: "All want-ads, job postings, employment-agency listings, etc., since January 1, 2000, by which you sought or requested applicants for plaintiff's job. (Request directed at defendant Employer only.)"

Objection: "Defendant objects to this request on the grounds that it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial."

## Inspection of Mr. Greenwald's office:

Request to Produce 15: "Entry, for the purposes of inspection and photographing, to the office

7

where plaintiff worked for you. (Request directed at defendant Employer only.)"

Objection:     "Defendant objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial."

C.V.'s of persons who reviewed Mr. Greenwald's LTD claim:

Request to Produce 17:     "The c.v. or resume of all of defendant Insurance Company's employees who reviewed plaintiff's claim for long-term disability benefits or provided any input into defendant Insurance Company's review of or denial of that claim. (Request directed at defendant Insurance Company only.)"

Request to Produce 18:     "The c.v. or resume of all outside reviewers or consultants who reviewed plaintiff's claim for long-term disability benefits or provided any input into defendant Insurance Company's review of or denial of that claim. (Request directed at defendant Insurance Company only.)"

Objections:     "Defendant objects to [Request 17, Request 18] on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial."

Monetary incentives for persons who reviewed Mr. Greenwald's LTD claim:

Request to Produce 22:     "All policies, plan, procedures, contracts, etc., by which the pay (including any bonuses, awards, incentives, etc.) was calculated for any person or for the holder of any job title or for any employee in any job classification reviewed plaintiff's claim for long-term disability benefits or provided any input into defendant Insurance Company's review of or denial of that claim. (Request directed at defendant Insurance Company only.)"

8

Request to Produce 23: "All policies, plan, procedures, contracts, etc., by which the pay (including any bonuses, awards, incentives, etc.) was calculated for any outside reviewers or consultants who reviewed plaintiff's claim for long-term disability benefits or provided any input into defendant Insurance Company's review of or denial of that claim. (Request directed at defendant Insurance Company only.)"

Objections: "Defendant objects to [Request 22, Request 23] on the grounds that it is unlimited in time and scope, vague, and confusing. Plaintiff [sic] objects further on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence at trial.

See, Defendants' Responses to Requests to Produce, attached to this Motion as Exhibit 4, at ¶¶10, 12, 13, 14, 15, 17, 18, 22, and 23.

14.    All these basic documents are clearly relevant and important. Organization charts, Mr. Greenwald's performance reviews and personnel file, want-ads for Mr. Greenwald's successors, and an inspection of Mr. Greenwald's office may reveal some of the physical demands of Mr. Greenwald's job and are thus of obvious relevance. The C.V.'s and payment plans of the reviewers go to expertise and bias and are obviously relevant.

15.    Nor are the objections to these Requests to Produce well-taken: The terms used in these Requests have common-sense, normal English meanings and are not vague or ambiguous. The organization charts, Mr. Greenwald's performance reviews and personnel file, and the want-ads for Mr. Greenwald's successors are probably in three file-folders at defendant employer's. The C.V.'s of the reviewers and their payment

9

plans must similarly be in a few file-folders at defendant Insurance Company's.

Inspecting and photographing Mr. Greenwald's office can be scheduled for a mutually-

convenient time.

16.        Finally, defendants made seven "General Objections" to Mr. Greenwald's

Requests to Produce, as follows:

        1    Matters outside the claims file

        2    Attorney-client privilege, etc.

        3    Documents already in plaintiff's control

        4    Documents not in existence or not in defendants' possession, custody, or
control

        5    Documents relating to anybody other than plaintiff and defendants

        6    Requests that are duplicative

        7    Information that is confidential, proprietary, etc., and

        8    Public records or documents equally available to the plaintiff.

See, Defendants' Responses to Requests to Produce, attached to this Motion as Exhibit 4,

at "General Objections".

a.        First, general objections are not valid; rather, under Federal Rule of Civil

Procedure 34(b), a response, including any objection, must be made to "each item

or category".

b.        Second, General Objection 2 (on attorney-client privilege, etc.) is

especially inappropriate in our case, because the "fiduciary" exception to the

attorney-client privilege limits what is covered by the privilege. See, e.g., Becher

v. Long Island Lighting Co., 129 F.3d 268 at 272 (2nd Cir. 1997), Wildbur v.

ARCO Chemical Co., 974 F.2d 631 at 645 (5th Cir. 1992).

17.     Defendants' General Objections, combined with defendants' refusal to provide

the "privilege-log" information required by Federal Rule of Civil Procedure 26(b)(5)

[see, Statement of David L. Lee, attached to this Motion as Exhibit 1, at ¶4 and at 10/3/04

letter attached to that Statement as Exhibit C], renders unclear many of their Responses

to the Requests to Produce, especially with regard to whether or not any documents are

being withheld pursuant to the objections.

18.     For these reasons, defendants' objections to the Requests to Produce should be

overruled, and Responses to Requests to Produce 10, 12, 13, 14, 15, 17, 18, 22, and 23

should be compelled.

**Compelling Answers to Interrogatories**

19.     Defendant Insurance Company evaded answering a basic Interrogatory on the

calculation of damages, as follows:

Interrogatory 10:          "State the amount of the monthly benefit to which plaintiff
                           would be entitled, including the dates and amount of any increases
                           or decreases in that monthly benefit, were plaintiff to prevail in
                           this case, exhibiting your calculations. (Interrogatory directed at
                           defendant Insurance Company only.)"

        Answer:            Prudential's formula for calculating disability benefits in
                           general, as well as calculations specific to Plaintiff, are contained
                           within the claims file, which was produced to Plaintiff with
                           Defendants' 26(a) Disclosures.

See, Defendants' Answers to Interrogatories, attached to this Motion as Exhibit 5, at

Interrogatory #10.

11

20.    An answer to this Interrogatory should be compelled because defendant's

calculation of damages is basic to this case both for trial and for settlement.  The citation

in the Answer to the "claims file" is neither helpful nor informative – for example, the

information in the claims file may not respond to the part of the Interrogatory concerning

"the dates and amount of any increases or decreases in that monthly benefit".

21.    Defendants made three "General Objections" to Mr. Greenwald's Interrogatories,

as follows:

        1      Identifying "all", "each", or "every"

        2      Matters outside the claims file

        3.     Attorney-client privilege, etc.

See, Defendants' Answers to Interrogatories, attached to this Motion as Exhibit 5, at

"General Objections".

22.    For the same reasons as with defendants' "General Objections" to the Requests to

Produce, defendants' "General Objections" to the Interrogatories are not well-taken and

should be overruled:  Federal Rule of Civil Procedure 33(b) outlaws general objections in

answers to Interrogatories, because each Interrogatory must be answered "separately"

and objections "shall be stated with specificity"[see, Rule 33(b)(1) & (b)(4)], the

"fiduciary exception" to attorney/client privilege applies, and defendants' "General

Objections" combined with their refusal to produce the "privilege-log" information

required by Federal Rule of Civil Procedure 26(b)(5) renders unclear whether many of

their Answers to Interrogatories are withholding information  pursuant to the objections.

12

23.     In addition, defendants had the following specific objections to three

Interrogatories that were directed to defendant Insurance Company only:

Interrogatory 5:          "Describe the e-mail and other electronic-communications system(s) used by your disability consultants, disability, claims examiners, disability claims-unit, disability appeal committee, etc. (by whatever name known) as those systems existed from August 2000 through March 2003, including, but not limited to, the type of e-mail, electronic-communications, and network systems, the person(s) responsible for the operation, maintenance, expansion, backup, and upkeep of those e-mail and other electronic-communications system(s), the frequency of, retention of, and destruction of system-wide and desktop backups for those e-mail and other electronic-communications system(s), and any disaster recovery plans for those e-mail and other electronic-communications system(s). (Interrogatory directed to defendant Insurance Company only.)"

Objection:          "Defendant objects to this interrogatory on the grounds that it is unduly burdensome and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial."

Interrogatory 6:          "Describe all efforts made by you to locate and produce the e-mails and other electronic communications requested to be inspected in Plaintiff's Requests to Inspect Documents and Premises. (Interrogatory directed at defendant Insurance Company only.)"

Objection:          "Defendant objects to this interrogatory on the grounds that the term, 'efforts' is vague and ambiguous. Defendant further objects on the grounds that the information sought is not relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial. Without waiving said objections, all documents responsive to this request were produced with the claims file."

Interrogatory 11:          "For each outside reviewer or consultant who reviewed plaintiff's claim for long-term disability benefits or provided any input into your review of or denial of that claim, itemize by each

13

calendar year from 1994 to the present the total number of long-term disability claims that reviewer or consultant reviewed or consulted with you on, the number of such claims in which the reviewer or consultant found disability or recommended that the claim be paid, and the total compensation you paid the reviewer or consultant for such reviews or consultations on long-term disability claims. If any such reviewer or consultant every [sic] became a W-2 employee of yours, state the inclusive dates on which that employment relationship existed and the amount of money you reported on that employee's W-2 in 2003 or their most-recent year of employment with you. (Request directed at defendant Insurance Company only.)"

Objection:        Defendant objects to this interrogatory on the grounds that it is not properly limited in time or scope, unduly burdensome, harassing, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial.

See, Defendants' Answers to Interrogatories, attached to this Motion as Exhibit 5, at Interrogatory ##5, 6, and 11.

24.        Defendants' objections to Interrogatories 5, 6, and 11 should be overruled and answers to those Interrogatory compelled because, contrary to defendants' objections, the information requested should be easily obtainable and is clearly relevant. In addition, defendants' objections are pure boilerplate and are not stated "with specificity" as required by Federal Rule of Civil Procedure 33(b)(4). Further, the "without waiving" sentence in the objection to Interrogatory 6 misses the point, because that Interrogatory is not a document request but an inquiry as to how diligently, etc., the document requests were responded to. Finally, even if defendants honestly and in good-faith believed that some of the information requested was objectionable, they still had a duty under Federal Rule of Civil Procedure 33(b)(1) to answer the Interrogatory to the extent that it was not objectionable.

14

*Wherefore*, plaintiff Neal Greenwald requests that defendants be compelled to provide within a reasonable time Amended Initial Disclosures with a list of the "subjects of the information" itemized by the potential witnesses in those Disclosures, without any "catch-alls" as to other potential witnesses; that defendant's objections to the Requests for Admissions be overruled and Requests for Admissions 2, 3, 4, 5, 12, 17, 69, and 88 be deemed admitted; that defendants' objections to the Requests to Produce be overruled and that defendants be given a reasonable time to produce the documents and permit the inspection called for; and that defendants's objections to plaintiffs' Interrogatories be overruled and that defendants be given a reasonable time to answer those Interrogatories.

Neal M. Greenwald,
Plaintiff,

By: _David L. Lee_

His attorney

**Proof of service**: I, David L. Lee, an attorney, certify that I served this Corrected Motion on defendants by delivering of copy of the same a person in charge of the office of their attorney: Shawn P. Lee, Esq., WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, 120 N. LaSalle St., Suite 2600, Chicago, Illinois, on November 30, 2004.

_David L. Lee_

David L. Lee

David L. Lee
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd.
Suite 660
Chicago, IL 60606
(312) 347-4400

15

# See Case File for Exhibits