# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NEAL GREENWALD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 03 C 8641 |
| | ) | |
| INTECAP, INC. and THE | ) | Judge Manning |
| PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

In this ERISA case, plaintiff Neal Greenwald ("Greenwald") seeks review of the denial of his claim for long-term disability benefits under an employee welfare benefit plan ("Plan") maintained by defendants Intecap, Inc. and underwritten by the Prudential Insurance Company of America ("Prudential"). Defendants have filed a motion in limine to determine the appropriate standard of review and to limit the scope of discovery. For the following reasons, the court finds that Prudential's denial of benefits must be evaluated using the arbitrary and capricious standard of review. Defendant's motion in limine to limit the scope of discovery is granted.

## Discussion

The parties dispute the proper standard of review to be applied to the Plan's disability determination and whether evidence outside the administrative record is subject to discovery. The standard of review by this court will either be *de novo* or arbitrary and capricious (i.e., deferential). *See e.g., Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 982 (7th Cir. 1999). If the arbitrary and capricious standard applies, this court can only consider matters within the administrative record. *Id.*; *see also Trombetta v. Cragin Fed.*

*Bank for Sav. Employee Stock Ownership Plan*, 102 F.3d 1435, 1438 n.1 (7th Cir. 1996) (when a plan gives its administrator discretion, "[t]he only relevant materials at the time [a district court resolves a motion for summary judgment are] the materials that were before the [plan administrator] when it reached its decision").

An ERISA plan administrator's determination to deny benefits is reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In other words, "[w]here a plan confers discretionary power on the plan administrator, the deferential 'arbitrary and capricious' standard governs." *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000). The plan's language determines the degree of discretion enjoyed by the plan's administrator. *Id*.

The Seventh Circuit has stated that:

> the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or requires proof or satisfactory proof of the applicant's claim, or requires both a determination and proof (or satisfactory proof) does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary.

*Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 330 (7th Cir. 2000). The Seventh Circuit suggested that employers seeking to reserve discretion include a safe harbor clause in the text of the plan stating that "benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." *Id.* at 332. The court noted, however, that other language may sufficiently provide notice of the plan administrator's discretion. *Id*. For example, the court noted that the language which required submission of proof of injury "satisfactory to us" reserved discretionary authority to the plan administrator because "the 'to us'

signaled the subjective, discretionary character of the judgment that was to be made." *Id*. at 331 (citing *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 379 (7th Cir. 1994)).

Both parties contend that the LTD Plan's definition of long-term disability supports their position. The Plan contains the following language in reference to defining a long-term disability:

> **How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that:
>
> --you are unable to perform the **material and substantial duties** of your **regular occupation** due to your sickness or injury; and
> --you have 20% or more loss in your **indexed monthly earnings** due to that **sickness** or injury.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.

Exh. 1 to Defendant's Motion at 41 (emphasis in original).[1]

The plan also provides as follows (emphasis in original):

> **What information is Needed as Proof of Your Claim?**
>
> \* \* \* \*

---

[1] Defendants state in their motion that this section also includes the following language (emphasis in original):

> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

However, in reviewing the actual plan, the court found that this language was *not* part of the section as quoted by defendants. The resolution of the standard of review, however, does not depend on this language; thus, the fact that it is not part of the Plan is irrelevant for purposes of this motion.

- 3 -

> We may request that you send proof of continuing disability, satisfactory to
> Prudential, indicating that you are under the regular care of a doctor.

The court finds that the phrase "satisfactory to Prudential," which modifies "proof of continuing disability," demonstrates that any proof submitted in support of a claim for benefits must meet specific criteria as subjectively determined by Prudential. *See Donato*, 19 F. 3d at 379 (language that plan will pay long-term disability benefits "upon receipt of proof" but that "[a]ll proof must be satisfactory to us" was sufficient to confer discretionary authority); *DiPietro v. The Prudential Ins. Co.*, No. 03 C 1018, 2003 WL 22159467, *2 (N.D. Ill. Sept. 17, 2003) (finding the same language "satisfactory to Prudential" as sufficient to confer discretionary authority); *Diaz v. The Prudential Ins. Co.*, No. 03 C 2702, 2004 WL 1094441, at *7 (N.D. Ill. May 13, 2004) (same).

Plaintiff contends that the "satisfactory proof" language does not sufficiently reserve discretion. However, as noted above, the Seventh Circuit has already held that the phrase "satisfactory to us" reserved discretionary authority to the Plan administrator. *Herzberger*, 205 F.3d at 331 citing *Donato*, 19 F.3d at 379. Further, plaintiff's reliance on *Perugini-Christen v. Homestead Mortgage Company*, 287 F.3d 624 (7th Cir. 2002), is misplaced. The court in *DiPietro* responded to this same argument stating:

> In *Perugini-Christen*, the Seventh Circuit affirmed the district court's ruling that a benefits plan provided by Reliance Standard Life Insurance Company did not clearly grant discretionary authority to the administrator. The plan required claimants to submit "satisfactory proof of Total Disability to [Reliance]." *Id.* at 626. The court noted that this language was "open to two reasonable interpretations: (1) that Perugini submit to Reliance satisfactory proof or (2) that she submit proof which is satisfactory to Reliance." *Id.* The first interpretation does not specify whom the proof must satisfy, while the second interpretation indicates that the proof must satisfy Reliance. The court held that Reliance failed to reserve authority because of this ambiguity in its language. *Id.* at 627.

> The language in Washington's benefit plan does not suffer from such an ambiguity. The wording of the modifier, "satisfactory to Prudential," and its placement immediately following the noun modified, "proof of continuing disability," makes it clear that the proof of disability must be satisfactory to Prudential. Unlike the language in *Perugini-Christen*, this language cannot be interpreted otherwise.

This court agrees with the reasoning of the *DePietro* court and rejects plaintiff's argument.

Greenwald also contends that clauses granting discretionary authority violate the Illinois Insurance Code, 215 ILCS § 5/143. Greenwald relies on a March 10, 2004, letter sent by the Illinois Department of Insurance (now known as the Illinois Department of Financial and Professional Regulation, Division of Insurance) in which the chief counsel rendered an opinion to a plaintiff's counsel in Chicago stating that clauses granting discretionary authority violate 215 ILCS § 5/143. This section of the Illinois Insurance Code states that the form and content of all policies for life, accident and health insurance[2] are required to be filed with and approved by the Director of the Illinois Department of Insurance. *See* 215 ILCS § 5/143(1). It further provides that:

> [i]t shall be the duty of the Director to withhold approval of any such policy, . . . , if it contains provisions which encourage misrepresentations or are unjust, unfair, inequitable, ambiguous, misleading, inconsistent, deceptive, contrary to law or the public policy of this State, or contains exceptions or conditions that unreasonably or deceptively affect the risk purported to be assumed in the general coverage of the policy.

The court recently addressed the precise argument raised by Greenwald in *Dwyer v. Shatkin, Arbor, Karlov & Co.*, No. 03 C 1118 (N.D. Ill. Jan. 20, 2005) (slip op.) (Manning, J.). In that case, the court held that § 143 does not expressly prohibit discretionary clauses and noted

---

[2]Disability insurance is included in the definition of "life, accident, and health insurance." 215 ILCS 5/4(b).

that the letter setting forth the Illinois Department of Insurance opinion does not point to any state statute, rule or regulation that expressly provides that discretionary clauses are illegal. Moreover, it noted that the plaintiff in *Dwyer*, as here, did not contend that the policy at issue, which contains a discretionary clause, was not properly submitted to the Illinois Department of Insurance or that the department withheld approval of the policies at issue, which is the relief provided by § 143.

Further, as noted recently by another court in the Northern District, "plaintiff's attempt to use this correspondence fails because the Court looks to the plain language of the Plan itself, not outside information or evidence, in determining whether a plan administrator has discretionary authority to determine eligibility." *Schwartz v. The Prudential Ins. Co. of America*, No. 04 C 2377, 2005 WL 576857 (N.D.Ill. March 8, 2005) *(citing Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir.2000))*. Accordingly, the court finds that the Illinois Department of Insurance's letter criticizing grants of discretionary authority does not invalidate the discretionary clause in this case.

The court thus turns to plaintiff's final argument: that even if the Plan confers discretionary authority, the court can still consider evidence outside of the administrative record. Generally, "when review under ERISA is deferential, courts are limited to the information submitted to the plan's administrator [i.e., the administrative record]." *Perlman,* 195 F.3d at 982. Plaintiff argues that even under a deferential standard of review, evidence from outside of the insurance company's claims file should be permitted because such outside evidence "can shed light on whether or not the Insurance Company's claims denial was arbitrary and capricious." Specifically, plaintiff refers to examining "potential biases of outside reviewers" (i.e., the

physicians who are retained by the benefits plans to make disability findings) as well as ensuring that the medical reviewer had the appropriate training. However, as noted by defendants, Greenwald "provides no legal support for his contention that an inference of bias entitles [him] to discovery outside the administrative record." Indeed, the Seventh Circuit has expressly stated that when the standard of review is deferential, "[t]here should not have been any inquiry into the thought processes of [the Plan's] staff, the training of those who considered [the plaintiffs'] claim, and in general who said what to whom within [the Plan]." *Id.* at 981. Accordingly, plaintiff's request that evidence outside the administrative record be considered is denied.

## Conclusion

For the above reasons, Prudential's decision must be evaluated using the arbitrary and capricious standard of review. Defendants' motion in limine to limit the scope of discovery is granted.


**DATE:** April 12, 2005                    /s/ Blanche M. Manning
                                            **Blanche M. Manning**
                                            **United States District Court Judge**